SECOND DEPARTMENT, JUNE, 1985

(June 3, 1985)

■ MATTHEW H. ANDERSON, Respondent, v MARY J. ANDERSON, Appellant. — In a matrimonial action, defendant wife appeals from so much of an order of the Supreme Court, Queens County

(Miller, J.), dated April 11, 1984, as directed her attorney to pay plaintiff's attorney the sum of $299 as a condition for the vacatur of an inquest.

Order reversed insofar as appealed from, as a matter of discretion, with costs, and defendant's motion to vacate an inquest held on December 14, 1983 is granted unconditionally.

It was unreasonable for Special Term to have denied defendant's counsel's application for an adjournment at the call of the calendar on the morning of December 14, 1983 in view of the undisputed facts that (1) there was pending at the time a motion by defendant to strike plaintiff's action from the calendar and to compel plaintiff to submit to an examination before trial, and (2) defendant's counsel was to go on trial the next day.

Moreover, defense counsel's subsequent default in answering the second and third call of the calendar was the direct result of this improper denial of an adjournment. Under these circumstances, Special Term should not have imposed a sanction on defendant's attorney, but rather should have granted the motion unconditionally. Mangano, J. P., Gibbons, Bracken and Kunzeman, JJ., concur.